# COUNTY OF FRANKLIN,

AT THE

## JANUARY TERM, 1882.

PRESENT :

Hon. TIMOTHY P. REDFIELD,
Hon. JONATHAN ROSS,
Hon. RUSSELL S. TAFT,       } ASSISTANT JUDGES.
Hon. JOHN W. ROWELL,

---

## NEWTON HERRICK *v.* IRA F. DEAN.*

### *Usury.*

A sealed release or receipt, " in full settlement and payment for all extra or unlawful interest," executed at the time the money was loaned, and a part of the transaction of borrowing, is not a bar to a recovery of the usury.

GENERAL ASSUMPSIT. Heard on the report of referees, September Term, 1881, ROYCE, J., presiding. Judgment for the plaintiff to recover $385, and interest from the 14th day of February, 1874. The defendant excepted to the admission of evidence to vary the terms of the release under seal. The referees found :

" That some time in January, 1874, plaintiff applied to the defendant to lend him some money ; that the defendant claimed he had no money to loan, and that if he let plaintiff have any money he would have to hire the same, upon which plaintiff told defend-

---

*See *Wing* v. *Peck, ante,* 245

ant if he would lend him the money he wanted he would pay the
defendant what interest defendant had to pay, but that defendant
gave plaintiff little if any encouragement that he would get him
the money ; that in a few days plaintiff again applied to defend-
ant for money ; that defendant then agreed to help plaintiff to the
money he wanted, but that plaintiff must make his notes payable
to his brother, J. L. Herrick, and if defendant did anything in the
matter he would buy plaintiff's notes of plaintiff's brother; that
on the 14th day of February, 1874, plaintiff and his brother, J.
L. Herrick, met defendant at defendant's store in Bakersfield ;
that defendant then made out a mortgage from plaintiff to plain-
tiff's brother, J. L. Herrick, conditioned for the payment of four
$1,000 notes. payable to said J. L. Herrick or bearer on the 1st
day of November, 1875-6-7-8, with interest annually ; that
defendant then made out said four notes, which, together with
said mortgage, were signed by the plaintiff; that defendant
then drew up a writing in which said J. L. Herrick requested the
defendant to buy said four $1,000 notes ; that defendant then
made out an assignment to himself of the mortgage from plaintiff
to J. L. Herrick, which said J. L. Herrick signed ; that the de-
fendant then paid plaintiff the sum of $3,615 in plaintiff's notes,
which defendant held against him, notes which defendant had
against other parties which plaintiff had assumed to pay, defend-
ant's note and money, and took said four $1,000 notes ; defend-
ant then drew up defendant's Exhibit No. 3, in which exhibit
plaintiff acknowledges under seal the receipt of $100 from defend-
ant in full satisfaction of all extra or unlawful interest paid by
the plaintiff to the defendant. We also find from evidence that
was seasonably objected to by defendant on the ground that the
same was not admissible, and that it was not competent to vary,
enlarge, or change any of the written exhibits or notes aforesaid
in this case by parol evidence ; that J. L. Herrick had no inter-
est in the mortgage or the four $1,000 notes described therein ;
that said notes were received from plaintiff by defendant ; that
said pretended sale was for the purpose of preventing the plaintiff
from ever recovering of the defendant the usury or extra interest
in said four $1,000 notes ; that the $3,615 above spoken of was
all and the only consideration paid by the defendant to the plaintiff
for the four $1,000 notes and for the sealed release on the 14th day
of February, 1874. We further find that the defendant, soon
after receiving the said four $1,000 notes, sold one of said
notes (which one does not appear in evidence) to one J. K.
Maynard, at a discount of two per cent., and turned one of said
notes out to said Maynard as collateral security ; and on July

15th, 1874, turned out two of said $1,000 notes to J. F. Brigham as collateral security ; that on July 27th, 1877, said plaintiff paid said four $1,000 notes in full with interest, two of the same being paid to J. F. Brigham and two to J. K. Maynard ; that at the time said notes were so paid, one was not due till Nov. 1st, 1877, and one until Nov. 1st, 1878 ; that the plaintiff at the time said notes were paid had the right to a discount of three per cent. on what was paid before due, as provided in plaintiff's Exhibit No. 5. The plaintiff did not claim such deduction of three per cent., and at the time he paid said four $1,000 notes he did not know defendant had any interest in said notes.   We also find that the defendant paid eight per cent. on more than four thousand dollars, and nine per cent. on two thousand dollars from the 14th day of February, 1874, till said four $1,000 notes were paid.

" If the court shall be of the opinion that the giving of the discharge under seal had the effect to release and discharge the defendant from all liability on account of usurious interest paid by the plaintiff to the defendant, or given defendant his note for, as aforesaid, at the time of executing such release under seal, then we find nothing due from the defendant to the plaintiff.

" If the court shall be of the opinion that the release under seal is not a bar to the action, and that the plaintiff is not estopped from denying the consideration of the release under seal, and the parol evidence on which we find the facts, that J. L. Herrick had no interest in the transaction of February 14th, 1874, at defendant's store, and that the $3,615 was the only consideration paid by the defendant to the plaintiff on the 14th day of February, 1874, was admissible, then we find due from the defendant to the plaintiff the sum of $385 and interest thereon from the 14th day of February, 1874."

DEFENDANT'S EXHIBIT NO. 2.

FAIRFIELD, Feb. 14, 1874.

*I. F. Dean :—*

Dear Sir,—I have four notes of $1,000 each, dated this day, against my brother, N. Herrick.   I would like to sell the notes, as I understand you propose to buy them.　　　　　(Signed)　　　　J. L. HERRICK.

DEFENDANT'S EXHIBIT NO. 3.

[$100]　　Received of I. F. Dean one hundred dollars in full settlement and payment for all extra or unlawful interest or usury paid, or given my note to pay, or cause to be paid to said Dean.

Bakersfield, Feb. 14, 1874.
　　　　　　(Signed)　　　　　　　　NEWTON HERRICK.　(L. S.)
Signed, sealed and delivered in my presence.
　　　　　　(Signed)　　　　　　　　C. F. OVITT,
　　　　　　　　　　　　　　　　　　*Justice of the Peace.*

## PLAINTIFF'S EXHIBIT NO. 5.

I have this day bought of J. L. Herrick four notes against N. Herrick of $1,000 each. At the time of purchasing said notes it was extremely difficult to raise money, consequently I was compelled to put myself to a great expense and trouble to raise the money to pay for said notes, and I have received a fair compensation for said trouble. In case said notes are paid before due I do agree to discount on the amount paid on said notes three per cent. per annum on the amount so paid.

(Signed) I. F. Dean.

February 14th, 1874.

*Edson, Cross & Start*, for the defendant.

The referees have not found any usurious or corrupt agreement. They have not found any fact that would bring this case within the law relating to usury. *Bank* v. *Burchard*, 33 Vt. 370 ; 17 Vt. 231. If the court say there was an usurious agreement in this case, they must presume it. The referees have not found it. And in order to entitle the plaintiff to recover, they must make a further presumption. They must presume how much usury he agreed to pay, and also how much he did pay. The report is silent on both these points. The report does not find that the $3,615 was the only consideration for the $4,000 in notes, but only that it was the only consideration paid on a particular day.

The defendant's exhibit, No. 3, is a bar. This document being under seal imports full payment of all usury that the plaintiff had ever paid to the defendant. It also imports full payment of all usury that he had ever given his notes for. Either payment will defeat this action. 7 Wait Act. and Def. 447, 445 ; Herman Estop.; *Eastman* v. *Green*, 34 Vt. 389 ; *Spencer* v. *Williams*, 2 Vt. 209 ; *Union Bank* v. *Call*, 5 Fla. 409. This document being under seal, upon elementary principles, the plaintiff is estopped from denying that it is executed upon full consideration. The question under this head is whether upon the facts as shown, there is any infirmity about this instrument that entitles the plaintiff to say that it is not his deliberate act and deed. If it is his deliberate act and deed, the law is explicit that he cannot deny that it was executed upon full consideration. Parol evidence was not admissible to show that J. L. Herrick had no interest in the transaction of February 14th, 1874, at defendant's store. Parol evidence was not admissible to show that the $3,615 was the only

consideration paid by the defendant to the plaintiff on February 14th, 1874, for the notes. The notes were the best evidence of what their consideration was, even if the plaintiff had proposed to show what the entire consideration was, and not what the consideration paid on a particular day was. *McDuffee* v. *Magoon*, 26 Vt. 519; *Mix* v. *White*, 52 Vt. 284; *Bradley* v. *Anderson*, 5 Vt. 152.

*George W. Burleston* and *George A. Bullard*, for the plaintiff.
The evidence was admissible. 6 Vt. 496; *Jackson* v. *Kirby*, 37 Vt. 448; 1 Greenl. Ev. ss. 284, 304; 51 Vt. 309; 10 Vt. 96. The receipt under seal—defendant's exhibit 3—is not a bar to this action, and parol evidence as to what the real consideration of said exhibit was, was admissible. *Beach* v. *Packard*, 10 Vt. 96; *Lazell* v. *Lazell*, 12 Vt. 443; *White* v. *Miller*, 22 Vt. 380; *Tillotson* v. *Ramsey*, 51 Vt. 309. A borrower cannot, by a contemporaneous agreement, waive the right to retain, or to recover back usury or extra interest. *Bosler* v. *Rheem*, 72 Pa. St. 54 7 Wait Act. & Def. 631.

The opinion of the court was delivered by
ROWELL, J. The transaction resorted to in this case was a mere subterfuge to evade and set at naught the Statute of Usury. It was a transaction wholly between the plaintiff and the defendant, J. L. Herrick being a mere go-between. The statute was intended for the protection of the weak against the strong, the borrower against the lender, and public policy requires that it should not be evaded nor its force abated. This pretended release was a part of the transaction of borrowing, executed when the press of the borrower's necessity was upon him, and he at the mercy of the lender. If such a device as this is allowed to avail, resort would be had to it in all cases, and the statute thereby practically repealed. This is a very different case from releasing usury after a man's embarrassments have passed, and he has ceased to be a peculiar subject for the protection of the statute. *Bosler* v. *Rheem*, 72 Pa. St. 54.                Judgment affirmed.